IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-320-CR





MARY ANN TATE,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW OF LLANO COUNTY,



NO. 9043, HONORABLE J. HOWARD COLEMAN, JUDGE PRESIDING



 




 Over her plea of not guilty, the jury found Mary Ann Tate guilty of driving or
operating a motor vehicle in a public place while intoxicated, and assessed her punishment at a
fine of $1,000 and confinement in jail for one year, recommending that the period of confinement
be probated. The trial court rendered judgment and sentenced her accordingly. She appeals. We
will affirm the judgment.



THE CONTROVERSY


 The information and complaint averred that on a specified date in Llano County,
while intoxicated, Tate drove and operated "a motor vehicle in a public place, to-wit: on a public
highway." The charge to the jury stated in part as follows:



Our law provides that a person commits an offense if the person is intoxicated
while driving or operating a motor vehicle in a public place.


* * * * *



A "public place" means any place to which the public or a substantial group of the
public has access and includes, but is not limited to, streets, highways, and the
common areas of schools, hospitals, apartment houses, office buildings, transport
facilities, and shops.


* * * * *



Now, if you find from the evidence beyond a reasonable doubt that [while
intoxicated, Mary Ann Tate] did drive or operate a motor vehicle in a public place,
to wit, upon a public road and highway, then you will find the defendant guilty as
charged.


Unless you so find from the evidence beyond a reasonable doubt, or if you have
a reasonable doubt thereof, you will find the defendant not guilty.


* * * * *




 Tate complains on appeal, in two points of error, that the trial court erred in not
restricting the definition of "public place" to mean only a "public highway," as charged in the
information and complaint; and erred further in instructing the jury "that a person commits an
offense if . . . intoxicated while driving or operating a motor vehicle in a public place," because
this instruction invited the jury to find Tate guilty of an offense not charged -- an offense
committed in some "public place" other than a public highway.



DISCUSSION AND HOLDINGS


 We have before us only the transcript of documents filed in the trial court. Tate
has not furnished us a statement of facts showing the evidence received in the course of the trial
or other transactions that might have taken place in open court.

 Without a statement of facts, we cannot determine whether Tate dictated any
objections to the charge. The transcript contains no document indicating that Tate made a written
objection to the charge. Nothing in the appellate record indicates the nature of any objection she
might have made. So far as that record shows, she did not object to any aspect of the charge. 
We hold, therefore, that she waived any error in the charge. Tex. Code Crim. Proc. Ann. art.
36.14 (Supp. 1991); Johnson v. State, 629 S.W.2d 731, 733 (Tex. Crim. App. 1981).

 In addition, these omissions from the appellate record prohibit our determining
whether any error in the charge was sufficiently harmful to require reversal of the trial-court
judgment. We are instructed to assess "the actual degree of harm . . . in light of the entire jury
charge, the state of the evidence, including the contested issues and weight of probative evidence,
the argument of counsel and other relevant information revealed by the record of the trial as a
whole." Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). We are unable to
make the requisite assessment without a statement of facts. We notice, however, that the final two
paragraphs of our quotations above, taken from the charge, restricted the jury's inquiry as Tate
would have it -- the jury were required to find her not guilty unless they found, beyond a
reasonable doubt, that she drove or operated "a motor vehicle in a public place, to wit, upon a
public road or highway." We overrule Tate's points of error.

 For the reasons given, we affirm the trial-court judgment.



 John Powers, Justice

[Before Justices Powers, Jones and B. A. Smith; Justice B. A. Smith not participating]

Affirmed

Filed: December 11, 1991

[Do Not Publish]